400

No. 21975.

Virgil A. Boatright, Administrator of the Estate of
Mercedes Bonger, deceased v. Robert S. Spalding.
(439 P.2d 362)

Decided April 8, 1968. Rehearing denied April 29, 1968.

HOLLEY, BOATRIGHT & VILLANO, for plaintiff in error.

WILLIAM R. KOGER, for defendant in error.

*In Department.*

Opinion by MR. CHIEF JUSTICE MOORE.

MERCEDES BONGER was the defendant named in the district court action brought by Robert S. Spalding. She died on November 9, 1965, and Virgil Boatright was appointed administrator of her estate. As administrator he is here on writ of error to review a judgment of the district court of Jefferson county entered on September 1, 1965, in favor of Spalding and against Mercedes Bonger.

On October 1, 1964, Spalding entered into a loan agreement with Mercedes Bonger whereby Spalding advanced the sum of $19,000 to Bonger under specified terms and conditions. They agreed that Bonger would use the $19,000 to comply with a judgment rendered previously by the Jefferson county district court in Civil Action No. 20352. In that action entitled *George Strauss v. Mercedes Bonger* Strauss had obtained a judgment quieting his title to certain real property in Golden, Colorado, against Mercedes Bonger's adverse claims. The *Strauss* decree, however, also provided that Bonger could obtain title to the disputed property upon payment of the sum of $17,798 with interest prior to September 30, 1964. Strauss subsequently appealed the judgment in Civil Action No. 20352 to this court. See

*Strauss v. Boatright, Administrator,* 160 Colo. 581, 418 P. 2d 878. This court held therein that the provisions of the district court judgment allowing Bonger a redemption period were unsupported by the evidence and must be deleted from the decree. Spalding's loan to Bonger was made in order that payment of the "redemption" money would be available in the event that Strauss was unsuccessful in his writ of error challenging the legality of the judgment permitting the redemption to be made.

Spalding's and Bonger's memorandum of agreement upon which the instant action is based provided that the $19,000 would be deposited in the district court for this purpose. In the memorandum Bonger further agreed that upon acquisition of title she would refinance through other sources and the "amount of $19,000 is to be returned to Mr. Spalding." The money was duly deposited in the district court prior to September 30, 1964, where it remained in *custodia legis* pending determination of the case of *Strauss v. Boatright, supra.* Thereafter, Strauss's appeal from the decree in Civil Action No. 20352 caused Spalding, who insisted that the loan agreement terminated in the event of Strauss's appeal, to demand repayment from Bonger. She refused to repay the loan, whereupon Spalding brought the instant proceedings in the Jefferson county district court.

Boatright does not dispute the district court's findings that Spalding's advance of the $19,000 to Bonger was a "temporary" loan and that the period for which the loan was given had expired. Nor does Boatright challenge the district court's judgment against Bonger for the sum of $19,000. The sole contention raised by the Administrator is that that portion of the judgment is void which directs the district court clerk to pay Spalding funds from the court registry which Bonger had deposited in Civil Action No. 20352, *Strauss v. Bonger, supra.*

 We conclude that Boatright's position is sound, and that the judgment of the district court must be reversed insofar as it compels the clerk to withdraw and expend funds deposited in the separate action of *Strauss v. Bonger.* This court has consistently adhered to the well established common law doctrine that property which has passed into the custody of a court cannot be interfered with by process issued by another judge in the conduct of other legal proceedings. See *Finance Acceptance Co. v. Heinle,* 163 Colo. 35, 428 P.2d 921; *Gillespie v. District Court,* 119 Colo. 242, 202 P.2d 151; and *Gibbons v. Ellis,* 63 Colo. 76, 165 P. 783.

The funds Bonger deposited in the court registry under the judgment in *Strauss v. Bonger,* were in *custodia legis* and immune from interference by the district court in Spalding's separate action against Bonger. As stated in *Gibbons v. Ellis, supra,* the judicial policy compelling this conclusion is clear:

"* * * To permit interference of this kind with the enforcement of a judicial decree would be to cast parties, who had already litigated their differences in a court of justice, and whose rights had been solemnly adjudicated, upon a new sea of strife and uncertainty. * * *"

██ Moreover, the instant action is a suit upon a contract to repay money allegedly loaned by Spalding to Bonger. It is not a suit to impress a trust upon certain funds in the possession of the clerk of the district court, who is not a party to the action. Strauss was not a party to the action and he certainly had an undetermined potential interest in the money at the time the trial court directed payment of the judgment from specific funds, without regard to the rights of other creditors of Bonger. Under the issues framed by the pleadings the judgment must be collected like any other claim against the estate.

The judgment of the district court is reversed and the cause remanded with instructions that that portion of the judgment directing the clerk to transfer funds

from the court registry to Robert Spalding be deleted therefrom.

MR. JUSTICE DAY AND MR. JUSTICE PRINGLE concur.